UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

FBME BANK LTD. AND FBME LTD.,

    Plaintiffs-Appellants,

v.

STEVEN T. MNUCHIN, in his official capacity as Secretary of the Treasury, *et al.*,

    Defendants-Appellees.

No. 17-5076

**PRELIMINARY STATEMENT OF ISSUES FOR APPEAL**

In accordance with this Court's Order of April 28, 2017, counsel for FBME Bank Ltd. and FBME Ltd. ("**FBME**") anticipate raising the following issues in this appeal, all of which concern the final rule of the Financial Crimes Enforcement Network ("**FinCEN**") that is published at 81 Fed. Reg. 18480 (Mar. 31, 2016), and supplemented at 81 Fed. Reg. 86577 (Dec. 1, 2016) ("**Rule**"):

1.    Whether the Rule violates the Administrative Procedure Act ("**APA**") or the Due Process Clause because it is based on secret unclassified materials (namely, Suspicious Activity Reports), which

were submitted *ex parte* to the district court, but which FBME never received or had a meaningful opportunity to comment on.

2. Whether the Rule violates the APA or due process because it is based on various unclassified allegations, which FBME did not receive notice of or a meaningful opportunity to comment on.

3. Whether the Rule violates due process because (a) it is based on classified materials that FinCEN submitted *ex parte* to the district court without taking any steps to afford FBME a meaningful opportunity to challenge these classified materials; (b) FBME's challenges to the Rule were never reviewed *de novo* by a neutral arbiter; and/or (c) FBME did not receive an oral hearing.

4. Whether the Rule is arbitrary and capricious in violation of the APA because it inexplicably (a) relies on data presented arbitrarily without any context (particularly Suspicious Activity Reports); (b) relies on data from unreliable sources (particularly the Central Bank of Cyprus); and (c) ignores or misconstrues relevant data (particularly audits by Ernst & Young and KPMG).

5. Whether the Rule violates the APA and 31 U.S.C. § 5318A because FinCEN (a) failed to conduct the consultations required by

§ 5318A, and (b) failed to consider all of the statutory factors specified by § 5318A (particularly the extent of FBME's legitimate business).

This statement of issues is preliminary.  FBME reserves the right to raise different or additional issues in its merits briefs.

Respectfully submitted,

HOGAN LOVELLS US LLP

QUINN EMANUEL URQUHART & SULLIVAN LLP

*/s/ Derek L. Shaffer*

Peter S. Spivack
J. Evans Rice III
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5600

Derek L. Shaffer
William A. Burck
Jonathan G. Cooper
777 Sixth Street NW, 11th Floor
Washington, DC 20001
(202) 538-8000

Dated:  May 18, 2017

*Counsel for Plaintiffs-Appellants FBME Bank Ltd. and FBME Ltd.*

3

## CERTIFICATE OF SERVICE

I hereby certify that, on May 18, 2017, I electronically filed the foregoing Preliminary Statement of Issues for Appeal with the Clerk of the Court by using the appellate CM/ECF system. I further certify that all participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Derek L. Shaffer*
Derek L. Shaffer

*Counsel for Plaintiffs-Appellants*
*FBME Bank Ltd. and FBME Ltd.*